# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FARRELL, )<br>)<br>  Plaintiff )<br>)<br> v. )<br>)<br>GANICK, O'BRIEN & SARIN, )<br>)<br>  Defendant )<br>_____) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## <u>COMPLAINT</u>

JOSEPH FARRELL ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GANICK, O'BRIEN & SARIN ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Boston, Massachusetts 02127.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 161 Granite Avenue, Dorchester, Massachusetts 02124.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

11. The alleged debt, a home utility account issued by NSTAR Electric Company, arose out of transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff has no business debt, the alleged debt arose out of transactions that were for personal, family or household purposes.

13. Beginning in or around December 2013, and continuing through April 2014, Defendant communicated with Plaintiff in an attempt to collect an alleged, consumer debt.

14. Initially, Defendant sent a collection letter addressed to Plaintiff at his sister's address.

15. Plaintiff's sister, in opening her mail, opened Defendant's letter and learned that Defendant was attempting to collect a debt from Plaintiff.

16. In its letter, Defendant that had obtained a default judgment against Plaintiff and that he had five (5) days to contact its office or a "capias"[1] would be issued.

17. Alarmed, Plaintiff's sister immediately contacted Plaintiff to advise him of this letter.

---

[1] *Capias* - Any of various types of writs that require an officer to take a named defendant into custody. CAPIAS, Black's Law Dictionary (9th ed. 2009).

18. Plaintiff, fearing the issuance of a capias and worried about the consequences of a default judgment, contacted Defendant.

19. Defendant demanded payment of $1,559.00, which was an amount greater than the amount of the debt owed to NSTAR Electric Company.

20. Plaintiff felt compelled to enter into a payment plan and made a payment of $200.00 on January 28, 2014, and a payment of $100.00 on March 26, 2014.

21. Defendant, however, did not credit Plaintiff with the full amount of his payments, as on or after April 17, 2014, it sent him correspondence demanding payment of $1,329.16, an amount greater than what was owed. See Exhibit A, Defendant's April 17, 2014, letter to Plaintiff.

22. Further, Defendant never disclosed to Plaintiff whether any portion of the amount it was seeking to collect included interest, late fees and/or collection fees.

23. Additionally, in its communications with Plaintiff, Defendant advised Plaintiff that it had not received a payment of $100.00 from him on April 9, 2014, and included a payment sub with the following, "NSTAR Electric Company VS. Joseph Farrell, Case #: 066593," in order to lead or trick Plaintiff into believing that legal action had been commenced against him. See Exhibit A.

24. Upon information and belief, Defendant did not intend and/or had not taken legal action against Plaintiff, as Plaintiff was never served any lawsuit.

25. Rather, Defendant was using this to scare and intimidate Plaintiff into paying money.

26. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written correspondence advising him of his rights to dispute the debt and/or to seek validation of the debt, as well as to request the name and address of the original creditor.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

27. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(b).

   a. A debt collector violates § 1692c(b) of the FDCPA by communicating, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consumer of the consumer given directly to the debt collector.

   b. Defendant violated § 1692c(b) of the FDCPA when it

communicated, in connection with the collection of a debt, with a third party, Plaintiff's sister, without having Plaintiff's express permission to do so, by sending a collection letter to her residence disclosing that Plaintiff owed a debt.

## COUNT II

28. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

    a. A debt collector violates § 1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

    c. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    d. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  e. Here, Defendant violated §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA by falsely representing the amount of the debt, as well as threatening to take Plaintiff to Court and sending him correspondence which gave the appearance that a legal action had been commenced against him and threatening to have a capias issued, when it did not and/or had not taken the threatened legal action and did not intent to take such action.

## COUNT III

29. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

  a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

  b. A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law

  c. Defendant violated §§ 1692f and 1692f(1)of the FDCPA when it collected an amount greater than what the agreement creating

the alleged debt provided, by failing to give Plaintiff credit for the payments he made on the debt, and when it engaged in other unfair conduct.

## COUNT IV

30. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g.

   a. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a

        statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JOSEPH FARRELL, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

# **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOSEPH FARRELL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: October 3, 2014        KIMMEL & SILVERMAN, P.C.

By:  /s/ Craig Thor Kimmel
CRAIG THOR KIMMEL
BBO# 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com